# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSE J. AYALA, JR.,

      Plaintiff,

v.

                                        Case No. 6:20-cv-1625-RBD-GJK

NISSAN NORTH AMERICA, INC.,

      Defendant.

_____

## ORDER

Before the Court are:

1.      Defendant's Motion to Dismiss (Doc. 13 ("Motion"));

2.      Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 21);

3.      U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation on the Motion (Doc. 32 ("R&R")); and

4.      Plaintiff's Objection to the Report and Recommendation (Doc. 35 ("Objection")).

On review, the R&R is due to be adopted in part and Plaintiff's Objection is due to be sustained.

## BACKGROUND

Plaintiff, a mechanic, brings this putative class action asserting that Defendant Nissan North America, Inc. ("Nissan") committed wage violations

under the Fair Labor Standards Act ("FLSA") and Florida's Minimum Wage Act ("FMWA"). (Doc. 1, ¶¶ 2–4, 69–108.) Plaintiff asserts that Nissan is the class members' joint employer along with individual car dealerships and Nissan controls the dealerships' compensation policies. (*Id.* ¶¶ 25–27.)

The FMWA requires a plaintiff to notify his employer of his intent to file suit before filing — and to identify the amount of wages he claims was underpaid. *See* Fla. Stat. § 448.110(6)(a). The employer then has fifteen days to pay the unpaid wages, and if it does not, the employee is entitled not only to the wages if he later prevails, but also to liquidated damages and attorney's fees. *Id.* § 448.110(6)(c). Plaintiff did not notify Nissan of his intent to sue until after the suit was filed. (*Compare* Doc. 1, *with* Doc. 13-1.)

Nissan moved to dismiss the Complaint, arguing primarily that the dealerships, not Nissan, are the mechanics' employers, so Nissan cannot be liable. (Doc. 13.) Nissan also argued that Plaintiff did not meet the presuit notice requirement. (*Id.* at 16–17.) Plaintiff opposed. (Doc. 21.)

On referral, Judge Kelly recommended the Court grant Nissan's Motion in part and find that Plaintiff failed to state a joint employer claim against Nissan. (Doc. 32, pp. 13–17.) Judge Kelly also recommended the Court find that Plaintiff failed to give the requisite presuit notice, advising dismissal without prejudice to give Plaintiff time to comply. (*Id.* at 21–22.) Plaintiff objected to the R&R solely on

the presuit notice issue, asking the Court to reject a case on which Judge Kelly relied and adopt another case instead. (Doc. 35.) Plaintiff did not object to the remainder of the R&R, nor did Nissan. Nissan did not respond to Plaintiff's Objection. The matter is now ripe.

## STANDARDS

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge must consider the record independent of the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## ANALYSIS

Plaintiff contends that Judge Kelly erred in relying on *Johnson v. Nobu Associates South Beach, LP*, No. 10-21691-CIV, 2011 WL 780028, at *3 (S.D. Fla. Feb. 4, 2011), *adopted*, 2011 WL 772874 (Feb. 28, 2011). (Doc. 35; *cf.* Doc. 32, pp. 21–22.) The Court agrees.

*Johnson* involved a putative class action in which three other employees opted into the claim after it was filed by the representative; the four plaintiffs then dismissed their claim to make a presuit demand in an attempt to comply with the

FMWA's notice requirement. *Johnson*, 2011 WL 780028, at *1. But their demand included a request for liquidated damages and attorney's fees. *Id.* The employer tendered the unpaid wages but not the liquidated damages and fees, and the employees rejected the tender. *Id.* The court noted that the statute authorized a later award of liquidated damages and fees only if the employer failed to pay the unpaid wages, so the demand was too high and the presuit notice violated the statute. *Id.* at *4.

But the amount of the demand is not in question here, so *Johnson* is not helpful. And Plaintiff is correct that *Johnson* does not sufficiently consider the impact of the notice requirement on class claims. (*See* Doc. 35, pp. 4–11.) Rather, as Plaintiff urges, *Griffith v. Landry's, Inc.*, No. 8:14-cv-3213, 2017 WL 11002194, at *3 (M.D. Fla. Nov. 22, 2017), is more instructive.

In *Griffith*, a putative class representative rejected his employer's tender of his individual unpaid wages because the payment did not resolve his demand for the class's wage claims. *Griffith*, 2017 WL 11002194, at *3. The employer argued the individual tender mooted the class claims—it had already picked off several prior named representatives that way. *Id.* at *2–3. The court disagreed, reasoning that requiring a representative to give presuit notification to the employer of the specific amount of unpaid wages for every member of the putative class would be virtually impossible, given that class members are typically unknown at that point.

*Id.* And the court noted that a mootness finding would practically discourage almost all class claims, as the employer would be incentivized to satisfy the representative's individual lost wages to defeat the class. *Id.* But the court did not hold that no notice was required—just that the plaintiff's was sufficient in the class context. *See id.* at *2–4.

So Judge Kelly was correct that Plaintiff must comply with the presuit notice requirement of the statute. (*See* Doc. 32, pp. 21–22.) But the Court does not agree with his conclusion that "*Griffith* suggests that class action claimants need not comply." (*See id.* at 21.) Rather, now that the Complaint is due to be dismissed without prejudice, Plaintiff must give notice in accordance with the statute—but Plaintiff's notice may seek unpaid wages on behalf of both himself *and* the class, and any tender of unpaid wages to Plaintiff individually will not moot the class claims. *See Griffith*, 2017 WL 11002194, at *3–4.

As such, the Objection is due to be sustained, and the well-reasoned and thorough R&R is due to be adopted in all respects other than the reliance on *Johnson* and rejection of *Griffith*. (Doc. 32, pp. 21–22.)

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection (Doc. 35) is **SUSTAINED**.

2. The R&R (Doc. 32) is **ADOPTED AND CONFIRMED** and made a

part of this Order, with the exception of the portion specifically adopting *Johnson* and rejecting *Griffith* (*id.* at 21–22).

3. Defendant's Motion (Doc. 13) is **GRANTED IN PART AND DENIED IN PART**:

   a. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

   b. In all other respects, the Motion is **DENIED**.

4. By **Thursday, June 17, 2021**, Plaintiff may file an amended complaint correcting the deficiencies identified in this Order and the R&R. Failure to timely file may result in this case being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 3, 2021.



ROY B. DALTON JR.
United States District Judge